## MIDLAND SAVINGS & LOAN CO. v. FOSS IMPROVEMENT CO.

No. 1986.    Opinion Filed September 12, 1912.

(126 Pac. 720.)

**BANKS AND BANKING—Loan Company—Fees and Commissions—Recovery by Applicant.** The Foss Improvement Company made written application to the Midland Savings & Loan Company for a loan on real estate, and also to become a stockholder in the latter company. The application showed on its face that the Foss Improvement Company was a corporation. The Midland Savings & Loan Company exacted an advance payment of an attorney's fee and a sum equaling one per cent. of the loan applied for as a prerequisite to its receiving or considering said application, but promised to refund the same if the loan was not made through its fault. After receiving and considering the application, the Midland Savings & Loan Company refused to make the loan, on the ground that the Foss Improvement Company, being a corporation, was ineligible to membership, and could not hold stock in the Midland Savings & Loan Company, and offered, as a counter proposition, to make the loan, provided the Foss Improvement Company would transfer its real estate to an individual, who would be qualified to hold stock and become a member of the Midland Savings & Loan Company. This the Foss Improvement Company declined to do, and demanded the return of the fee and commission. **Held,** that the Midland Savings & Loan Company was bound to return the fee and commission; and that it would not be permitted to solicit business among those who were ineligible to membership, and then refuse to comply with the terms of its contract on the ground of the ineligibility of the applicant.

(Syllabus by Robertson, C.)

*Error from Washita County Court;*
*L. R. Shean, Judge.*

Action by the Foss Improvement Company against the Midland Savings & Loan Company. Judgment for plaintiff, and defendant brings error. Affirmed.

On January 18, 1909, the Foss Improvement Company of Foss, Okla., made application in writing to the Midland Savings & Loan Company of Denver, Colo., for a loan of $4,000. Said application provided that it was made with the understanding that the application could and would only be accepted and ap-

proved and the loan granted by the officers or directors at its home office in Denver, Colo., and said application further provided that the Foss Improvement Company would execute the form of bond required by said company for such loan, and would pay all monthly dues, installments, and fees and charges specified in said written application, in the event said application was granted and the loan made. At the same time the said Foss Improvement Company made application to become a stockholder in the defendant company, for the reason that it was required, under the terms of said application, that all borrowers from said company should be stockholders therein. Said written application further provided that it was subject to the articles of incorporation, rules, and by-laws of the company, among which rules was the following:

"Expenses and other Information. No fees or commission for drawing up papers or for closing loan are charged. $5.00 for general attorney's fee for examination of title, and a membership fee of one (1%) per cent. of the loan applied for must accompany each application. Such fees will be returned in case such loan is not made through the fault of the company."

Agreeably to the terms of the contract, and in accordance with the rules of the company, the Foss Improvement Company paid one Reed, agent of the plaintiff in error, $5 attorney's fees and $40, or one per cent. of the amount of the loan applied for, and furnished abstract of title to the property upon which it was intended to place a loan.

The Foss Improvement Company alleged in its petition that the defendant, the Midland Savings & Loan Company, arbitrarily, and without any reason or cause, and on or about the 28th day of January, 1909, refused to make said loan, which said refusal was wholly through the fault of the defendant company, and not through the fault of the Foss Improvement Company; that plaintiff was ready and willing at all times to execute mortgages, papers, and such bonds or notes as the Midland Savings & Loan Company might provide for that purpose, and to deliver the same to the defendant fully secured on the property described in the application, and to furnish all insurance papers, etc., but that the defendant refused to accept the same; and that, upon

demand therefor, the defendant also refused to return the $45 paid it as aforesaid. The Midland Savings & Loan Company admitted the receipt of the $45 as charged, but denied all and singular the other allegations in the said bill of particulars, and denied that plaintiff had performed the requirements of said application on its behalf, and denied that it had refused to make a loan of $4,000, but alleged that it had been ready and willing at all times to consummate the said loan, and alleged further that the plaintiff, without reasonable excuse, had withdrawn its application and refused to take the loan and execute the papers as agreed; that, on the contrary, it had applied for and obtained a loan elsewhere; and further averred that in the application for the loan plaintiff had agreed that the title and papers should be made satisfactory to the defendant, and that it had failed to make the same satisfactory, or to comply with the terms of said application; and that it was the fault of the plaintiff, and not the fault of defendant, that said loan was not consummated.

The trial in the court below resulted in a judgment in favor of the plaintiff and against the defendant for the full amount claimed. Motion for new trial was made and overruled, and defendant brings this appeal to reverse said judgment.

*A. J. Bryant* and *Burnett & Beets,* for plaintiff in error.

*Massingale & Duff,* for defendant in error.

Opinion by ROBERTSON, C. (after stating the facts as above). The judgment of the lower court should be affirmed. The Foss Improvement Company, after making written application for the loan, complied with every requirement of its said application. The defendant, after accepting the application, went outside the terms thereof and made a counter proposition, wherein it required, as a condition for completing the loan, that the Foss Improvement Company should transfer its property to some individual other than the real owner, for the alleged purpose of eluding a provision of law which, the defendant claimed, prevented it from making the loan; *i. e.,* that the law prevented the Foss Improvement Company from holding stock in any other corporation; and that therefore it could not legally contract in

accordance with the terms of its application. Of the correctness of this view of the law we venture no opinion at this time; nor do we deem it of any moment in the consideration of this case. The application, as shown by the record, disclosed the fact that the Foss Improvement Company was a corporation at the time the said application was accepted by the defendant. The terms of the application are plain and unambiguous. There was a failure on the part of the defendant company to complete the loan. It may possibly have been warranted in refusing to do so. On that, however, we express no opinion; but there can be no justification for its refusing to return the fee and commission exacted from the plaintiff before the application would be accepted, or even considered. The evidence shows that the Foss Improvement Company stood ready at all times to execute any and all mortgages, notes, or bonds which the terms of its application required. The record also shows that the defendant refused to comply with the terms of the application, but insisted upon a variance thereof, and offered in its stead a counter proposition, which was unsatisfactory to the plaintiff.

It would be a dangerous thing to hold that a foreign company like the defendant in this case could solicit business and take applications for loans and collect advance fees and commissions from persons ineligible to membership, and then retain the fee that had been paid by reason of the ineligibility of proposed borrower. We do not say that the defendant company would do such a thing as this; but we do say that to reverse the judgment in this case would open the door for just such action, and would permit a fraud to be worked upon the citizens of this state.

As was well observed by counsel for the defendant in error:

"It will not be questioned that when plaintiff in error invaded Oklahoma in pursuit of its business of making loans and selling stock, it did so with the knowledge, or the presumed knowledge, of the laws of this state; and that when the application of the defendant in error was taken and accepted by plaintiff in error, such was done with this knowledge on the part of the plaintiff in error."

Perceiving no error in the record, the judgment of the county court of Washita county should be affirmed.

By the Court: It is so ordered.